FILED'08 AUG 18 15:50 USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

                Plaintiff,

v.

KAYSAM SMITH,

                Defendant.

05-CR-35-BR
(08-CV-70003-BR)

05-CR-506-BR
(08-CV-70002-BR)

OPINION AND ORDER

KARIN J. IMMERGUT
United States Attorney
SCOTT M. KERIN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1000

        Attorneys for Plaintiff

1 - OPINION AND ORDER

**KAYSAM SMITH**
08076-097
FCI Sheridan
Federal Correctional Institution
P.O. Box 5000
Sheridan, OR  97378

   Defendant, *Pro Se*

**BROWN, Judge.**

 This matter comes before the Court on Defendant Kaysam Smith's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#157 in 05-CR-35-BR; #39 in 05-CR-506-BR).  For the reasons that follow, the Court **DENIES** Defendant's Motions.

**BACKGROUND**

 On January 26, 2005, a federal grand jury indicted Defendant Kaysam Smith for Possession with Intent to Distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B) (Case No. 05-CR-35-BR).  On December 2, 2005, Defendant filed a Motion to Suppress Statements and a Motion to Suppress Defendant's Arrest for Lack of Probable Cause.

 On December 22, 2005, a federal grand jury indicted Defendant for Illegal Reentry of Deported Alien in violation of 8 U.S.C. § 1326(a) and (b)(2)(Case No. 05-CR-506-BR).  On January 4, 2006, Defendant filed a Motion to Dismiss Indictment.

2 - OPINION AND ORDER

On February 7, 2006, the Court held an evidentiary hearing on Defendant's Motions to Suppress and Motion to Dismiss Indictment.  At the hearing, the Court denied Defendant's Motions on the record.

On March 7, 2006, Defendant entered guilty pleas in both cases.  In Case No. 05-CR-35-BR, Defendant pled guilty to Possession with the Intent to Distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine. In Case No. 05-CR-506-BR, Defendant pled guilty to Illegal Reentry of Deported Alien.

In the Plea Agreement,[1] Defendant agreed he "knowingly and voluntarily waive[d] his right to appeal from all aspects of the conviction and sentence, including any pretrial motions, on any grounds. . . ."  Defendant also "waive[d] the right to file a collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel." At the change-of-plea hearing, the Court engaged Defendant in the following colloquy regarding these waivers:

> THE COURT:     You're giving up in turn your right
>                to appeal to a higher court the
>                fact that I allowed you to get
>                convicted this way.  And the
>                sentence, as I impose it, so long
>                as the sentence is within the term

---

[1] Defendant signed a single Plea Agreement that encompassed both cases.

of this plea agreement.

Do you understand?

THE DEFENDANT: Yes, I do.

               * * *

THE COURT:      You're also giving up your right to bring a so-called collateral attack under Section 2255. This is sometimes known as a habeas case.

               * * *

You're giving up that right except on three grounds: One is the ineffective assistance of counsel . . . . Do you understand?

THE DEFENDANT: Yes.

THE COURT:      Now, today are you satisfied with Mr. Warren's advice and service?

THE DEFENDANT: Yes, I am.

               * * *

THE COURT:      Have you asked [Mr. Warren] all the questions you want to ask?

THE DEFENDANT: Yes.

THE COURT:      And have you considered his advice?

THE DEFENDANT: Yes.

               * * *

THE COURT:      Has anyone put any pressure on you, Mr. Smith, to plead guilty when you don't want to?

THE DEFENDANT: No.

THE COURT:      Is the decision to plead guilty your own personal and voluntary decision?

THE DEFENDANT: Yes, it is.

Defendant also agreed he "freely and voluntarily accept[ed] the terms and conditions of th[e] plea offer."

On May 30, 2006, the Court sentenced Defendant to a term of 108 months imprisonment followed by four years of supervised release in Case No. 05-CR-35-BR.  At the same time, the Court sentenced Defendant in Case NO. 05-CR-506-BR to a term of 108 months imprisonment followed by four years of supervised release to be served concurrently with the sentence in Case. No. 05-CR-35-BR.  The Court also granted defense counsel Ernest Warren's Motion to Withdraw.

On June 6, 2006, the Court entered Judgments in both matters.

On June 12, 2006, Defendant filed an appeal in Case No. 05-CR-35-BR.  Defendant did not file an appeal in Case No. 05-CR-506-BR.

On August 14, 2006, the Ninth Circuit appointed Robert Weppner to represent Defendant for purposes of his appeal in Case No. 05-CR-35-BR.  On January 22, 2007, Defendant voluntarily dismissed that appeal.

On January 15, 2008, Defendant filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 in Case No. 05-CR-506-BR. On January 24, 2008, Defendant filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 in Case No. 05-CR-35-BR.

5 - OPINION AND ORDER

## DEFENDANT'S MOTION TO VACATE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 IN CASE NO. 05-CR-506-BR

Defendant contends he was deprived of his right to effective assistance of counsel during a "critical stage" of the criminal proceedings based on the fact that he was without counsel from the time the Court granted Warren's Motion to Withdraw on May 30, 2006, to August 14, 2006, when the Ninth Circuit appointed counsel to represent Defendant. Defendant contends this period was "critical" because it included the time in which Defendant had to file an appeal in Case No. 05-CR-506-BR. Defendant also contends he believed his appeal of Case No. 05-CR-35-BR encompassed an appeal of Case No. 05-CR-506-BR even though Defendant concedes he did not specifically list Case No. 05-CR-506-BR in his *pro se* Notice of Appeal or file a separate notice of appeal in Case No. 05-CR-506-BR. Nevertheless, Defendant seeks an order equitably tolling the limitations period in this matter to January 23, 2007, the day after the Ninth Circuit entered Defendant's voluntary dismissal of the appeal.

The government contends Defendant's Motion to Vacate is untimely and the Court should not equitably toll the statute of limitations under the circumstances of this case. The government also asserts the remedy sought by Defendant is barred under the Plea Agreement.

## I.   Timeliness of Defendant's Motion.

28 U.S.C. § 2255 provides the one-year period during which a

6 - OPINION AND ORDER

defendant may file a petition for a writ of habeas corpus begins
to run from "the date on which the judgment of conviction becomes
final." "The Supreme Court has held . . . a conviction is final
in the context of habeas review when 'a judgment of conviction
has been rendered, the availability of appeal exhausted, and the
time for a petition for *certiorari* elapsed or a petition for
*certiorari* finally denied.'" *United States v. Schwartz*, 274 F.3d
1220, 1223 (9th Cir. 2001)(quoting *Griffith v. Kentucky*, 479 U.S.
314, 321 n.6 (1987)).  When a prisoner does not take a direct
appeal from his conviction, the conviction becomes final for
purposes of § 2255 when the time for filing a notice of appeal
expires.  *Id*.

The Court entered the Judgment in this matter on June 6,
2006.  Pursuant to Federal Rule of Appellate Procedure
4(b)(1)(A), the period for Defendant's appeal expired on June 16,
2006, which was ten days after the entry of Judgment.
Accordingly, the limitations period for Defendant to file a
Motion under § 2255 expired on June 16, 2007.  As noted,
Defendant did not file the Motion to Vacate in this matter until
January 15, 2008, which is seven months after the limitations
period expired.

The Court, therefore, concludes Defendant's Motion to Vacate
is untimely.

## II.    Tolling the statute of limitations.

The one-year limitations period provided by § 2255 is
subject to equitable tolling.  In *Harris v. Carter*, the Ninth
Circuit noted two possible standards to apply to determine
whether equitable tolling is justified:  (a) the well-established
standard in this circuit that "equitable tolling is available
only when 'extraordinary circumstances beyond a prisoner's
control make it impossible to file a petition on time'" or (b) a
showing by the habeas petitioner that "'(1) . . . he has been
pursuing his rights diligently, and (2) . . . some extraordinary
circumstance has stood in his way.'"  515 F.3d 1051, 1054-55 (9th
Cir. 2008)(citing *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th
Cir. 2003) and quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).
The Ninth Circuit noted

> [o]ur cases since *Pace* have not settled on a
> consistent standard. *Compare, e.g., Raspberry v.
> Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006)
> (citing *Pace* and applying its standard), *with Roy
> v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006)
> (applying the standard articulated in *Stillman*).
> Our only case to address the issue noted the
> possibility that *Pace* "lowered the bar somewhat"
> compared with our previous standard. *See
> Espinoza-Matthews*, 432 F.3d at 1026 n.5.  The case
> does not decide whether a substantive difference
> exists between the two standards. *See id.*

*Harris*, 515 F.3d at 1055.  The court concluded, however, it did
not need to decide whether the *Pace* standard differed from the
court's previous standard because "the arguable distinctions

between the two standards are not at issue in this case." *Id.*

The Ninth Circuit explained further that

> [t]he . . . rationale behind the principle of
> equitable tolling that formed the basis for the
> standards articulated in *Pace* and *Stillman* . . .
> "is to soften the harsh impact of technical rules
> which might otherwise prevent a good faith
> litigant from having a day in court." *Jones v.
> Blanas*, 393 F.3d 918, 928 (9th Cir. 2004).
> Equitable tolling also serves to "prevent the
> unjust technical forfeiture of causes of action."
> *Id.* Equitable tolling is typically granted when
> litigants are unable to file timely petitions as a
> result of external circumstances beyond their
> direct control. *See Stillman*, 319 F.3d at 1202.
> Equitable tolling is typically denied in cases
> where a litigant's own mistake clearly contributed
> to his predicament. *See Lawrence*, 127 S. Ct. at
> 1085.

*Id.* The Ninth Circuit noted the defendant's failure to file a

habeas petition in *Harris* was "not the result of oversight,

miscalculation or negligence on his part, all of which would

preclude the application of equitable tolling," but rather the

result of the defendant relying on controlling Ninth Circuit

precedent that was subsequently overruled. *Id.* The Ninth

Circuit, therefore, concluded equitable tolling was appropriate

in *Harris*.

   As noted, Defendant contends he believed his appeal in Case

No. 05-CR-35-BR encompassed an appeal in Case No. 05-CR-506-BR

even though Defendant concedes he did not specifically list Case

No. 05-CR-506-BR in his *pro se* Notice of Appeal or file a

separate notice of appeal in Case No. 05-CR-506-BR. Defendant,

therefore, seeks an order equitably tolling the limitations period in this matter to January 23, 2007, which is the day after the Ninth Circuit entered Defendant's voluntary dismissal of his appeal.  The Court, however, concludes under either the *Stillman* or *Pace* standard, Defendant has not shown the Court should equitably toll the limitations period in this matter because Defendant has not established that some extraordinary circumstance beyond his control prevented him from filing an appeal in this case or from filing a § 2255 petition within one year from the date of entry of Judgment.

Accordingly, the Court denies Defendant's Motion to Vacate as untimely.

**III. Defendant's Motion is barred under the Plea Agreement.**

The government asserts even if the Court equitably tolled the limitations period, Defendant's Motion is barred under the Plea Agreement.

As noted, Defendant waived his right in the Plea Agreement to bring a § 2255 motion on any ground other than ineffective assistance of counsel.  Even though Defendant used the "ineffective assistance of counsel" language, he is, in fact, asserting he was deprived of *any* counsel from May 30 to August 14, 2006, rather than asserting he had counsel whose assistance was ineffective during this period.  In any event, Defendant waived his right to appeal his conviction and sentence

on any ground except

> (1) the sentence imposed exceeds the statutory
> maximum, (2) the court arrives at an advisory
> sentencing guideline range by applying an upward
> departure under the provisions of U.S.S.G. Chapter
> 5K, or (3) the court exercises its discretion
> under 18 U.S.C. § 3553(a) to impose a sentence
> which exceeds the advisory guideline sentencing
> range.

Defendant does not assert his appeal would be based on a
contention that his sentence exceeded the statutory maximum, that
the Court arrived at an advisory sentencing guideline range by
applying an upward departure, or that the Court exercised its
discretion to impose a sentence that exceeded the advisory
sentencing guideline range.  Any appeal by Defendant on other
grounds, therefore, would have been barred by the terms of his
Plea Agreement.

As noted, the Court engaged in a thorough colloquy with
Defendant as to the fact that he was waiving his rights to appeal
and to bring a § 2255 Motion in all but a few circumstances, and
Defendant indicated he understood.  The record reflects
Defendant's waiver was knowing and voluntary.

The Court, therefore, concludes even if it equitably tolled
the limitations period, Defendant's § 2255 Motion would be barred
under the terms of his Plea Agreement.

Accordingly, the Court denies Defendant's Motion to Vacate
or Correct sentence under § 2255 in Case No. 05-CR-506-BR.

## DEFENDANT'S MOTION TO VACATE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 IN CASE NO. 05-CR-35-BR

Defendant contends he received ineffective assistance of counsel when (1) defense counsel failed to investigate "crucial aspects of the Government's version of events," and (2) appellate counsel "coerced [him] to accede to voluntary dismissal of his direct appeal" and "failed to comply with his representation obligations pursuant to *Anders v. California*." Although the Court reduced Defendant's offense level by two points for acceptance of responsibility pursuant to United States Sentencing Guideline (U.S.S.G.) § 3E1.1(a), Defendant asserts the Court committed reversible error when it failed to reduce Defendant's offense level by an additional one level for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

## I.    The Law.

The Supreme Court has established a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 678, 687 (1984). Under this test, a defendant must not only prove counsel's assistance was deficient, but also that the deficient performance prejudiced the defense. *Id.* *See also Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir.), *cert. denied*, 513 U.S. 1001 (1994); *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir.) (en banc), *cert. denied*, 511 U.S. 119 (1994); *Mak v. Blodgett*,

12- OPINION AND ORDER

970 F.2d 614, 618 (9th Cir. 1992), *cert. denied*, 507 U.S. 951 (1993).

"To prove deficiency of performance, the defendant must show counsel made errors so serious that performance fell below an objective standard of reasonableness under prevailing professional norms." *Mak*, 970 F.2d at 618 (citing *Strickland*, 466 U.S. at 687-88)). The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Strickland*, 466 U.S. at 688. There is a strong presumption that counsel's assistance was adequate. *Id*. at 689.

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See also United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996), *cert. denied*, 520 U.S. 1269 (1997). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695.

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Id*. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id*.

**II. Adequate Investigation.**

13- OPINION AND ORDER

Defendant also asserts he received ineffective assistance of
counsel when defense counsel "failed to investigate crucial
aspects of the Government's version of events leading up to and
resulting in Mr. Smith's arrest."  Specifically, Defendant
asserts defense counsel failed to investigate adequately Agent
Tyree's assertion that the Drug Enforcement Agency (DEA)
initiated its intervention operation when a DEA agent received a
tip from Amtrak personnel regarding suspicious ticket purchases.
Defendant also contends defense counsel did not investigate
adequately Defendant's assertion that there was a camera at the
Amtrak station that recorded Defendant's actions before, during,
and after his arrest.

Defendant's assertions regarding Agent Tyree's version of
events, the DEA intervention, and a possible video camera at the
scene were the subject of Defendant's Motions to Suppress.  As
noted, the Court held an evidentiary hearing at which defense
counsel raised and vigorously litigated these matters.  The
Court, however, concluded there was not "any reason at all to
suppress the evidence that was acquired as a consequence of th[e]
investigation before or after the arrest, or to suppress the
statements [Defendant] made to the police after his arrest and
before he invoked his constitutional right to counsel."  The
Court adheres to its decision with respect to the Motion to
Suppress, and, therefore, concludes Defendant has not established

the performance of counsel fell "below an objective standard of reasonableness under prevailing professional norms."

Accordingly, the Court declines to grant Defendant's Motion to Vacate on this basis.

**III. Dismissal of Appeal.**

Defendant contends he received ineffective assistance of counsel when appellate counsel coerced him into voluntarily dismissing his appeal and "failed to comply with his representation obligations pursuant to *Anders v. California*."

As a preliminary matter, the Court concludes Defendant's assertion that appellate counsel's failure to file an *Anders* brief when Defendant voluntarily dismissed his appeal constitutes ineffective assistance of counsel is not well taken. A motion to voluntarily dismiss the appeal without filing an *Anders* brief is a valid option for an appellant pursuant to Federal Rule of Appellate Procedure 42(b) and Ninth Circuit Rule 27-9.1. *See Quenga v. United States*, No. CRIM. 00-00134, Civ. 05-00024, 2006 WL 901698, at *7 (D. Guam Apr. 5, 2006)(citing *McCoy v. Ct. of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 431 (1985)(Court set out three options available to the appellant if counsel determined the appeal to be frivolous: (1) voluntarily dismiss the appeal, (2) go forward without a lawyer, or (3) proceed and counsel would be required to request to withdraw from the case and to inform the court of the strongest arguments the lawyer

could make in support of the appeal together with the lawyer's
conclusion that the appeal is frivolous.).  The Court, therefore,
concludes Defendant did not receive ineffective assistance of
counsel when appellate counsel did not file an *Anders* brief.

Defendant alleges "Mr. Weppner persuaded Mr. Smith, albeit
very reluctantly to abandon his appeal."  Defendant further
alleges

> Mr. Weppner . . . suggested Mr. Smith would be
> better served by federal habeas corpus proceedings
> rather than direct appeal, and suggested Mr. Smith
> abandon his direct appeal.  Mr. Smith did not
> agree with Mr. Weppner, . . . and initially,
> rejected Mr. Weppner's advice.  Mr. Weppner was
> persistent, and ultimately coerced Mr. Smith into
> complying with his recommendation.

Def.'s Mot. to Vacate at 10.  Defendant, however, does not
identify how Mr. Weppner "coerced" him into voluntarily
dismissing his appeal.  In a letter to government counsel,
Weppner advises he explained to Defendant that he had waived his
right to appeal, advised Defendant that the record did not
contain any ground on which to challenge his conviction in a
direct appeal, and that Defendant "readily agreed to dismiss his
appeal."  Mr. Weppner also stated if Defendant "disagreed with or
rejected what I was telling him, he did not communicate that to
me."  The record establishes Mr. Weppner sent Defendant a
consent-to-dismissal form, which Defendant signed and returned to
Mr. Weppner.  Defendant was not obligated to sign or to return
the form, but he did.

16- OPINION AND ORDER

As noted, Defendant stated in Court at the change-of-plea hearing that he "freely and voluntarily accept[ed] the terms and conditions of [the] plea offer."  When the Court asked Defendant if anyone had "put any pressure on [him] to plead guilty when [he did not] want to," Defendant responded "No" and again asserted the decision to plead guilty was his "own personal and voluntary decision."

Based on this record, the Court concludes Defendant has not established Mr. Weppner coerced Defendant into dismissing his appeal, and, therefore, Defendant has not established he received ineffective assistance of counsel on that basis.

## IV. Additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

Defendant asserts this Court committed reversible error when it failed to apply the additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) because Defendant timely accepted responsibility, and, therefore, he was entitled to a three-level reduction under U.S.S.G. § 3E1.1.

As noted, Defendant waived his right in his Plea Agreement to bring a Motion under § 2255 for any reason other than ineffective assistance of counsel.  The Court engaged in a colloquy with Defendant about this term of his Plea Agreement, and Defendant indicated he understood the term.  Defendant does not allege he received ineffective assistance of counsel with respect to the possible additional one-level reduction in offense

17- OPINION AND ORDER

level for acceptance of responsibility.  Accordingly, the Court
concludes this claim is barred by the Plea Agreement.

Even if Defendant's claim was not barred by the Plea
Agreement, the Court adheres to its decision at sentencing that a
two-level reduction was appropriate under the advisory sentencing
guidelines.  To qualify for a three-level decrease, the
government must move for a three-level decrease and assert the
defendant

> assisted authorities in the investigation or
> prosecution of his own misconduct by timely
> notifying authorities of his intention to enter a
> plea of guilty, thereby permitting the government
> to avoid preparing for trial and permitting the
> government and the court to allocate their
> resources efficiently.

U.S.S.G. § 3E1.1.  Here the government did not move for a three-
level reduction.  In addition, the Court reviewed § 3E1.1 and the
criteria for a three-level reduction in offense level at
Defendant's sentencing hearing, and concluded Defendant did not
meet the criteria for a three-level reduction.  The Court agreed
with the government and the Presentence Report that counsel spent
a considerable amount of time on this matter before Defendant
pled; *i.e.*, this matter was not resolved expeditiously.  In fact,
the government was beginning to prepare for trial before
Defendant entered a guilty plea.  Defendant has not presented any
new evidence or information to alter the Court's original
assessment.  The Court, therefore, adheres to its decision at

sentencing to give Defendant only a two-level offense-level reduction for acceptance of responsibility.

Accordingly, the Court denies Defendant's Motion on this basis.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#157 in 05-CR-35-BR; #39 in 05-CR-506-BR).

IT IS SO ORDERED.

DATED this 18th day of August, 2008.


                                    ANNA J. BROWN
                                    United States District Judge

19- OPINION AND ORDER